**IN THE DISTRICT COURT OF THE UNITED STATES**

**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. **21-cr-01419 JB** |
| Plaintiff, | |
| v. | |
| **JAMESON BEGAYE,** | |
| Defendant. | |

**UNOPPOSED MOTION TO CONTINUE
TRIAL AND EXTEND ACCOMPANYING DEADLINES**

COMES NOW, Defendant **Jameson Begaye**, by his appointed CJA counsel, Barrett G. Porter of Burgess and Porter LLC, and respectfully requests that this Court enter an order continuing the trial setting of **June 6, 2022**, as well as extend the time within which to file pretrial motions.

In support of this Motion, Counsel states as follows:

1.      Mr. **Begaye** was indicted on **September 28, 2021** (doc. 21).

2.      Current defense counsel was appointed to represent Mr. Begay **April 13, 2022.**

3.      Discovery was provided to defense counsel by the United States Attorney's Office on **April 20, 2022**.

4.      Defense counsel has met with Defendant in person one time since being appointed.

5.      Defendant respectfully requests a continuance to complete several tasks that are

vital to the defense. Specifically, Defendant requests an additional one-hundred-fifty (150) days from the current setting to prepare for trial. One-hundred-fifty days is the minimum amount of time that is required to adequately prepare for trial. Defense counsel cannot and will not be ready for trial in advance one-hundred-fifty days from the current setting.

5.     A continuance of one-hundred fifty days is necessary for counsel to complete the following tasks:

    a.   To prepare and file any necessary pretrial motions. Counsel believes that there are potential motion(s) to suppress that they may file and are currently researching and investigating the factual basis of such motion(s).

    b.   To continue plea negotiations with the government. It is believed that a negotiated resolution of this matter may be possible, and that additional time is necessary to pursue such negotiations.

    c.   Should plea negotiations not yield a resolution, defense counsel requires additional time to a) interview any additional witnesses; b) to obtain expert witnesses for trial; and c) to file pretrial motions.

6.     Defendant requests a continuance of the trial of no less than 150 days from the current setting. Counsel believes that length of time to be the minimum needed to obtain outstanding discovery, to conduct any follow-up investigation, to continue plea negotiations with the government, to file pretrial motions, to accommodate scheduling conflicts and to ensure that Defendant receives effective assistance of counsel and are accorded due process.

7.     The right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Defendants will be denied

their right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

8.      Defendant agrees with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice Defendant and will potentially allow him to reach a favorable resolution with the government.

9.      Defense counsel also started plea negotiations; however, additional time will be required to determine whether the defendant may enter into a plea agreement or choose to exercise his right to a jury trial. Defense counsel needs additional time to complete a thorough investigation in this matter.

10.      This matter involves allegations of serious bodily injury or substantial bodily injury to two children.  Defense counsel has retained a medical expert and provided her the medical records provided as part of the discovery.  The expert has begun her review of the medical records, but more time is needed for the expert to complete her review and provide a report to defense counsel.   When the report is produced defense counsel will need time to review the report, consult with the expert and discuss all the findings with the defendant.

11.      Undersigned counsel affirmatively state that under the Speedy Trial Act, 18 U.S.C.§ 3161(h)(7), the ends of justice will be served by granting this extension of time in which

to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time will allow the defense time to consult with, and obtain, necessary expert witnesses, conduct a thorough review of all the discovery in this matter and to interview any witnesses that may be necessary. Additionally, a continuance of the deadlines and jury trial in this matter will provide the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit Mr. Sanchez by providing access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

12.     Defense counsel has contacted Assistant United States Attorney, **Elisa Dimas**, and she does not oppose this request for a continuance.

13.     The parties are requesting a postponement of the trial setting for one-hundred-fifty (150) days.

14.     Counsel has discussed with their client his right to have a speedy trial under 18 U.S.C. 3161. Defendant agrees to waive his right to a speedy trial under 18 U.S.C. 3161 and requests that the Court continue the trial in this matter. A failure to grant a continuance at this juncture would be contrary to the interests of justice. *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009).

WHEREFORE the defendant, respectfully requests that the Court enter an order granting a continuance of the trial setting in this cause from its present setting of **June 6, 2022**, for a period of at least ninety (180) days and vacating the other deadlines associated with the present

trial setting and extending the deadlines in accordance with the new trial date.

Respectfully Submitted,

BURGESS & PORTER LLC

By: ___*/s/ Barrett G. Porter*___
Barrett G. Porter
Burgess & Porter Law
400 Gold Avenue, SW, Suite 910
Albuquerque, New Mexico 87102
(505) 433-5545
*Attorney for Defendant Jameson Begaye*


___*/s/ Elisa Dimas*___
**Elisa Dimas**
Assistant United States Attorney
201 Third St. NW
Suite 900
Albuquerque, NM 87102
(505) 346-7274


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **May 20, 2022**, I filed the foregoing electronically through

the CM/ECF system, which caused the following parties or counsel to be served by electronic

means, as more fully reflected on the Notice of Electronic Filing:

**Elisa Dimas**
Assistant United States Attorney
201 Third St. NW
Suite 900
Albuquerque, NM 87102
(505) 346-7274


___*/s/ Barrett G. Porter*___
BURGESS AND PORTER LLC